PHILLIP A. TALBERT
Acting United States Attorney
MATTHEW G. MORRIS
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-35-JAM |
| Plaintiff, | STIPULATION AND GOVERNMENT'S UNOPPOSED MOTION UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 35 |
| v. | |
| ERIK DAVID MCKINNEY, | |
| Defendant. | |

### I.    **STIPULATION OF THE PARTIES**

The parties, by and through their respective attorneys, stipulate as follows:

1. That the defendant was charged by indictment on January 31, 2013, pled guilty on December 3, 2013, and was sentenced on May 13, 2014;

2. That the Court sentenced the defendant to 60 months in prison, the statutory mandatory minimum sentence, after accepting the parties' Plea Agreement which had been offered under Rule 11(c)(1)(C);

3. That the defendant is currently imprisoned at Seagoville Federal Correctional Institution in Seagoville, Texas, with a projected release date of June 15, 2017;

4. That, in light of information provided by the defendant, the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant,

the defendant's sentence should be reduced by 25%, to 45 months of imprisonment, to account for substantial assistance in the investigation and prosecution of one or more other persons.

**SO STIPULATED.**

Dated:  May 4, 2016                                  PHILLIP A. TALBERT
                                                                         Acting United States Attorney

                                                             By:  /s/ MATTHEW G. MORRIS
                                                                    MATTHEW G. MORRIS
                                                                    Assistant United States Attorney


Dated:  May 4, 2016                               By:  /s/ JOHN P. BALAZS
                                                                    JOHN P. BALAZS
                                                                    Attorney for Erik D. McKinney


## II.   MOTION

The United States of America, by and through its undersigned attorney, moves the Court pursuant to its authority under Federal Rule of Criminal Procedure 35, to reduce the defendant's sentence by 25% to a total term of imprisonment of 45 months.

### A.   Background

When law enforcement executed a search warrant at the defendant's residence in July 2010, the defendant gave FBI agents in Chico, California, permission to assume his online identity on a Peer-to-Peer file sharing network.  The defendant was not initially arrested or charged with a crime based on this 2010 interaction.  However, in 2011, based in part on investigative leads generated by using the defendant's online identity, the FBI in Sacramento located another suspect within the Eastern District of California who was subsequently charged with similar criminal conduct.  See *United States v. Alexander Norris*, 2:11-cr-188-KJM.

While the *Norris* case was engaged in pretrial litigation, and unbeknownst to the FBI, in 2012 the Department of Homeland Security had once again located the defendant using Peer-to-Peer file sharing software to trade child pornography images.  This time, the defendant was living in Sacramento.  On the basis of this second interaction with law enforcement, the defendant was charged with two counts of

receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2): one count for the 2010 conduct discovered by the FBI in Chico and one count for the 2012 conduct discovered by DHS in Sacramento. The defendant eventually pled guilty to Count Two, the count related to the 2012 conduct. The parties entered into a plea agreement under Rule 11(c)(1)(C) which called for a fixed term of 60 months in prison. The Court accepted that agreement as is required under Rule 11(c)(5), and sentenced the defendant in accordance with those terms. The plea agreement did not include a cooperation agreement and did not contemplate a government motion under USSG § 5K1.1. The parties' agreement to a five-year sentence was based on factors other than the defendant's agreement to allow investigators to assume his online identity in 2010.

In 2015, while preparing for trial in the *Norris* case, the assigned Assistant Federal Defender (AFD) in *Norris* and the assigned AFD in this case discovered that the defendant's cooperation in 2010 had resulted in the *Norris* prosecution. This information was not readily apparent to either of the AFDs prior to that date, because the information in discovery in both cases contained internet user names, not true names. In addition, the case agent in this case (a DHS investigator in Sacramento) was not aware of the intervening use (by the FBI in Chico) of the defendant's online identity, or that this use had resulted in a prosecution (by the FBI in Sacramento).

Believing itself to be in a conflict, the Office of the Federal Defendant recused itself from both the *Norris* case and this case, and substitute counsel was appointed in both matters. The undersigned Assistant United States Attorney, who had been prosecuting the *Norris* case, contacted the prosecutor who was previously assigned to this case and who had, in the interim, left the district. That prosecutor confirmed that -- if he had been aware that the *Norris* prosecution had resulted from the defendant's cooperation in this case -- he would have supported an additional downward departure below the mandatory minimum to account for that cooperation.

B. **Argument**

Rule 35 permits the Court to reduce a sentence, upon the government's motion, if the defendant provides substantial assistance in the investigation and prosecution of another person. Fed. R. Crim. P. 35(b). The Rule specifically permits the Court to reduce a sentence below the mandatory statutory minimum sentence. Fed. R. Crim. P. 35(b)(4). In evaluating whether the defendant has provided

1  substantial assistance, the Court may consider the defendant's pre-sentence assistance as part of its
2  evaluation. Fed. R. Crim. P. 35(b)(3). Motions under Rule 35 are normally limited to information
3  provided by the defendant after sentencing but within one year of the oral pronouncement of sentence.
4  Fed. R. Crim. P. 35(b)(1). However, the rule also permits a reduction in sentence more than one year
5  later, but within two years, if certain conditions are met. In this case, one of the conditions is met. The
6  government may make a later motion if the defendant's substantial assistance involved "information the
7  usefulness of which could not reasonably have been anticipated by the defendant until more than one
8  year after sentencing and which was promptly provided to the government after its usefulness was
9  reasonably apparent to the defendant." Fed. R. Crim. P. 35(b)(2)(C).

10  Although the defendant knew at the time of sentencing that he had allowed the government to
11  take over his account in 2010, he did not have any basis on which to anticipate the usefulness of the
12  information at that time. This case is unusual in several aspects. The defendant interacted with separate
13  government agencies in separate cities with two years between the two incidents. The defendant was the
14  only common element between his 2010 interaction with the FBI and his 2012 interaction with DHS,
15  and he did not have information available to him in 2014, when sentenced, to piece together that his
16  assistance in 2010 had resulted in a separate prosecution in 2011.

17  In addition, at the time *Norris* was being pursued and charged in 2011, the FBI agents in that
18  case had no reason to believe that their investigation was the result of cooperation by a person who
19  would later become a criminal defendant. The FBI had decided not to pursue charges in the 2010
20  incident, and the defendant's later (2012) interaction with DHS had not occurred yet.

21  Immediately upon learning in 2015 that his 2010 conduct had proven to be useful to the
22  government, the defendant brought that information to the attention of the Office of the United States
23  Attorney. Although the *Norris* case is still pending, there is little doubt that the defendant's actions in
24  permitting the FBI to assume his online identity in 2010 in Chico played a significant role in the
25  subsequent investigation and prosecution of another person.

26  Because the Court is permitted to consider pre-sentencing conduct in a motion under Rule 35,
27  and because the defendant "promptly provided the government" with information whose usefulness
28  could not have been reasonably anticipated by the defendant prior to its discovery in 2015, the Court is

STIPULATION AND GOVERNMENT MOTION UNDER
RULE 35

permitted to reduce the defendant's sentence under Rule 35(b)(2).

**C.     Conclusion**

Accordingly, the government moves the Court to reduce the defendant's sentence by 25% to a total term of imprisonment of 45 months.

Dated:  May 4, 2016                              PHILLIP A. TALBERT
                                                 Acting United States Attorney

                                          By:   /s/ MATTHEW G. MORRIS
                                                 MATTHEW G. MORRIS
                                                 Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ERIK DAVID MCKINNEY,<br><br>                    Defendant. | CASE NO.  2:13-CR-35-JAM<br><br>ORDER |

Before the Court is the United States' unopposed motion under Federal Rule of Criminal Procedure 35 to reduce the defendant's sentence by 25% to a total term of imprisonment of 45 months and a stipulation of the Parties regarding the status of the case.  Good cause appearing, the Court ORDERS that:

The government's unopposed motion, pursuant to Federal Rule of Criminal Procedure 35, to reduce the defendant's sentence by 25 percent to a total term of 45 months is GRANTED.

The Court will file an amended Judgment and Commitment reflecting a revised total term of imprisonment of 45 months.

Dated:   May 6, 2016                                         /s/ John A. Mendez
                                                                       The Honorable John A. Mendez
                                                                       UNITED STATES DISTRICT COURT JUDGE